**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5063-17T1

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

ADAM A. REED,

 Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided January 29, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-10-2446.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Jill S. Mayers, Acting Camden County Prosectuor, attorney for respondent (Linda A. Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a February 16, 2018 order denying his petition for post-conviction relief (PCR). Defendant maintains that his trial counsel rendered ineffective assistance of counsel. Judge Michele M. Fox, who also served as the trial judge, entered the order and rendered a fifty-seven page written opinion.[1]

In September 2013, a grand jury indicted and charged defendant with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); second-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(2) (count two); third-degree possession of a CDS with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7 (count three); second-degree possession of a CDS with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1 (count four); second-degree resisting arrest/eluding, N.J.S.A. 2C:29-2(b) (count five); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count six); first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) (count seven); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count eight); third-degree

---

[1] The order denying defendant's PCR petition is dated February 16, 2018 but was filed on February 20, 2018.

A-5063-17T1

aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count nine); fourth-degree aggravated assault by pointing, N.J.S.A. 2C:12-1(b)(4) (count ten); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count eleven); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f) (count twelve); second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count thirteen); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count fourteen); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count fifteen).  The judge bifurcated the certain persons charge (count fifteen).

Judge Fox presided over a jury trial, which began on May 14, 2013.  On May 31, 2013, the jury returned a guilty verdict as to all charges (counts one through fourteen).  On June 3, 2013, the same jury returned a guilty verdict convicting defendant of the certain persons offense (count fifteen).  The judge sentenced defendant to an aggregate term of sixty-six years in prison, subject to forty-seven years and three months of parole ineligibility.[2]

---

[2]  The judge merged counts one and three with count two; count six and eleven with count five; counts eight, nine, ten, and thirteen with count seven; and counts twelve and fourteen with count fifteen. As to count seven, the judge sentenced defendant to forty-five years in prison, mandatory extended term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, with five years of post-release parole supervision. As to count two, the judge sentenced defendant to eight years in

A-5063-17T1

Defendant filed a direct appeal and raised the following arguments:

POINT I

REPEATED INSTANCES OF PROSECUTORIAL MISCONDUCT DENIED [DEFENDANT] HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL. U.S. CONST., AMENDS. V, VI, XIV; N.J. CONST. ART. I., ¶¶ 1, 10. (Not Raised Below).

POINT II

INSOFAR AS THE STATE FAILED TO PROVIDE ANY EVIDENCE THAT [DEFENDANT] WAS PROPERLY LIABLE FOR THE ELUDING UNDER THE STATE'S THEORY OF ACCOMPLICE LIABILITY, THAT CONVICTION MUST BE VACATED. (Partially Raised Below).

POINT III

INSOFAR AS THE STATE FAILED TO PROVIDE ANY EVIDENCE THAT [DEFENDANT] POSSESSED ANY CDS WITH THE INTENT TO DISTRIBUTE SAME WITHIN 500 FEET OF A PARK AS DEFINED BY N.J.S.A. 2C:35-7.1, THAT CONVICTION MUST BE VACATED. (Partially Raised Below).

---

prison consecutive to count seven and subject to four years of parole ineligibility. As to count four, the judge sentenced defendant to seven years in prison concurrent to count two but consecutive to count seven. As to count five, the judge sentenced defendant to an eight-year prison term consecutive to counts two, four, and seven. Finally, as to count fifteen, the judge sentenced defendant to a five-year prison term with five years of parole ineligibility, consecutive to counts two, four, five, and seven.

A-5063-17T1

POINT IV

BECAUSE THE CREDIBLE EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT [DEFENDANT] WAS GUILTY OF THE SCHOOL ZONE OFFENSE, THE TRIAL [JUDGE] SHOULD HAVE ENTERED A JUDGMENT OF ACQUITTAL ON THAT COUNT. (Not Raised Below).

POINT V

THE SENTENCING [JUDGE] IMPROPERLY FAILED TO MERGE THE POSSESSION WITH INTENT TO DISTRIBUTE AND THE SCHOOL ZONE OFFENSE INTO THE PUBLIC PROPERTY OFFENSE.

POINT VI

THE SENTENCING [JUDGE] ERRED IN ORDERING CONSECUTIVE SENTENCES FOR THE THREE "GROUPINGS" OF OFFENSES.

POINT VII

[DEFENDANT]'S SENTENCE IS EXCESSIVE, UNDULY PUNITIVE, AND MUST BE REDUCED.

In a supplemental pro se brief, defendant made the following additional arguments, which we have renumbered:

POINT VIII

THE STATE COMMITTED DISCOVERY AND [BRADY[3]] VIOLATIONS WHEN IT FAILED TO DISCLOSE TO DEFENSE COMPUTER[-AIDED] DISPATCH RECORDS [CAD] AND INFORMATION THAT [OFFICER] MARTIN WAS A MATERIAL WITNESS WHO MADE STATEMENTS OVER THE POLICE DISPATCHER EXCULPATORY TO THE DEFENSE AND CONTRADICTING [OFFICER] GONZALEZ'S CLAIM OF []ATTEMPTED MURDER[]. DEFENDANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WAS VIOLATED. HIS CONVICTIONS MUST BE REVERSED AND A NEW TRIAL GRANTED.

POINT IX

DEFENDANT['S] CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED WHEN OFFICER . . . SIMPSON OF THE CAMDEN COUNTY POLICE DEPT[MENT] ALLOWED POLICE RADIO TRANS[MISSIONS] WITH EXCULPATORY VALUE TO BE ERASED (DESTROYED) THUS INTERFERING WITH DEFENDANT[']S RIGHT TO PRESENT A COMPLETE DEFENSE. DEFENDANT[']S CONVICTION MUST BE REVERSED AND HIS INDICTMENT DISMISSED.

POINT X

[THE] TRIAL [JUDGE] COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED [OFFICER] SIMPSON TO TESTIFY AS A SURROGATE IN PLACE OF THE ACTUAL CRIME SCENE INVESTIGATOR WHO PROCESSED BALLISTIC EVIDENCE, MADE THE

---

3  Brady v. Maryland, 373 U.S. 83 (1963).

A-5063-17T1

POLICE REPORTS AND SIGNED THE CHAIN OF CUSTODY. [THE] TRIAL [JUDGE] COMMITTED REVERSIBLE ERROR BY ALLOWING THE STATE TO MOVE THE FOLLOWING INTO EVIDENCE VIA THE BUSINESS RECORD EXCEPTION: TESTIMONY OF [OFFICER] SIMPSON (PERTAINING TO)[] ALL BALLISTIC EVIDENCE DOCUMENTATION, BALLISTIC EVIDENCE MENTIONED THEREIN ALL CHAIN OF CUSTODY IN VIOLATION OF DEFENDANT[']S U.S. CONST. [SIXTH] AMEND. CONFRONTATION CLAUSE AND N.J. CONSTITUTION ART[.] I PARA[.] 10.

POINT XI

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR AN ADVERSE INFERENCE INSTRUCTION AND OTHER DEFENSE LEVER[A]GING DISCOVERY SANCTIONS WHEN IT WAS REALIZED THAT THE STATE HAD VIOLATED DEFENDANT[']S DUE PROCESS BY ALLOWING THE RADIO TRANSMISSION EVIDENCE TO BE DESTROYED VIOLATING DEFENDANT[']S U.S. CONST. [SIXTH] AMENDMENT RIGHT TO COUNSEL.

POINT XII

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL EVINCED IGNORANCE OF RELEVANT AND BINDING LAW BY FAILING TO OBJECT TO THE STATE[']S AND TRIAL COURT[']S LEGAL REMEDY OF ADMITTING INCOMPETENT BALLISTIC EVIDENCE, DOCUMENTATION AND CHAIN OF CUSTODY VIA THE BUSINESS RECORDS EXCEPTION, WHICH DOES NOT

7

APPLY TO LAW ENFORCEMENT[] GENERATED DOCUMENTS.

POINT XIII

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FAMILIARIZE HIMSELF WITH THE CAMDEN POLICE DEPARTMENT COMMUNICATIONS PROCEDURE BEFORE CROSS[]EXAMINING [OFFICER] SIMPSON AND OTHER OFFICERS CONCERNING ERASED RADIO TRANSMISSIONS VIOLATING DEFENDANT[']S U.S. CONST. [SIXTH] AMEND. RIGHT TO COUNSEL AND RIGHT TO CONFRONT WITNESSES AGAINST HIM.

POINT XIV

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBTAIN EXCULPATORY [CAD] RECORDS ALTHOUGH THEY WERE AVAILABLE TO HIM UPON REQUEST AND SUPPORT THE DEFENSE THAT [OFFICER] GONZALEZ'S STORY OF []ATTEMPTED MURDER[] WAS NOT TRUE[,] VIOLATING DEFENDANT'S U.S. CONST. [SIXTH] AMEND. RIGHT TO ASSISTANCE OF COUNSEL.

POINT XV

[DEFENDANT]'S CONVICTION MUST BE REVERSED BECAUSE OF THE CUMULATIVE ERROR[S] THAT OCCURRED DURING TRIAL.

We affirmed the convictions and sentence. State v. Reed, No. A-1074-13 (App.

Div. Feb. 11, 2016). The Supreme Court denied certification. State v. Reed,

224 N.J. 529 (2016). Defendant filed his pro se PCR petition in July 2016.

8

Defendant and his PCR counsel submitted a total of twenty-six arguments. Judge Fox conducted oral argument, entered the order under review, and rendered an extensive written decision.

On this appeal, defendant argues:

POINT I

THE PCR [JUDGE] ERRED WHEN [SHE] FOUND DEFENDANT HAD FAILED TO ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

1. Trial counsel was ineffective for failing to request the CAD report.

2. Trial counsel failed to cross[]examine Officers Gonzalez and Diaz about their respective medical records.

3. Trial counsel was ineffective by failing to have [d]efendant's clothing tested for gun powder residue.

4. Trial counsel was ineffective for not demanding the State disclose all notes taken from officers involved in the case.

5. Trial counsel was ineffective by failing to ask the trial [judge] for an adverse inference charge related to the State's destruction of the audio recordings.

6. Trial counsel was ineffective when he failed to investigate Officer Frucci's history of civil rights and excessive force [c]omplaints.

7. Trial counsel was ineffective for not objecting to the admission of Exhibit 7-A depicting marijuana because . . . [d]efendant was not indicted on a CDS charge involving possession of marijuana.

8. Trial counsel failed to raise the issue of prosecutorial misconduct for the State's failure to preserve the video of the scene, or for not asking for an adverse inference charge.

9. Trial counsel was ineffective for failing to challenge the State's motion for an extended term sentence under the Graves Act.

10. Trial counsel was ineffective for not calling [Officer] Martin as a witness as he possessed exculpatory evidence [c]ontradicting [Officer] Gonzalez's testimony of shots being fired by [d]efendant.

11. Trial counsel's cumulative errors denied his client effective legal representation.

POINT II

THE PCR [JUDGE] ERRED WHEN [SHE] DENIED DEFENDANT'S CLAIM THAT HE WAS ENTITLED TO A NEW TRIAL ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE AND VIOLATION OF HIS DUE PROCESS RIGHTS UNDER [BRADY].

POINT III

AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

10

In a pro se supplemental brief, defendant raises the following arguments, which we have renumbered:

[POINT IV]

THE PCR [JUDGE] ABUSED [HER] DISCRETION IN NOT GRANTING DEFENDANT[] AN EVIDENTIARY HEARING ON HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WHEN A FAIR ADJUDICATION REMAINS IMPOSSIBLE WITHOUT RESOLUTION OF DISPUTED MATERIAL FACTS[] IN ADDITION TO RULING ON [INEFFECTIVE ASSISTANCE OF COUNSEL] CLAIMS BEFORE HEARING TRIAL COUNSEL'S TESTIMONY AS TO HIS DECISION MAKING PROCESS. (Not Raised Below).

A. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR AN ADVERSE INFERENCE INSTRUCTION AND OTHER DEFENSE LEVER[AG]ING DISCOVERY SANCTIONS WHEN IT WAS REALIZED THAT THE STATE HAD VIOLATED DEFENDANT'S DUE PROCESS BY ALLOWING THE RADIO TRANSMISSION EVIDENCE TO BE DESTROYED.

B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL EVINCED IGNORANCE OF RELEVANT AND BINDING LAW BY FAILING TO OBJECT TO THE STATE AND TRIAL [JUDGE'S] LEGAL REMEDY OF ADMITTING INCOMPETENT BALLISTIC EVIDENCE, DOCUMENTATION AND CHAIN OF CUSTODY VIA THE BUSINESS RECORD EXCEPTIO[N].

11

C. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FAMILIARIZ[E] HIMSELF WITH THE CAMDEN POLICE DEPARTMENT COMMUNICATIONS PROCEDURE BEFORE CROSS EXAMINATION [OF OFFICER] SIMPSON AND OTHER OFFICERS CONCERNING ERASED RADIO TRANSMISSIONS.

D. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBTAIN EXCULPATORY AND IMPEACHMENT EVIDENCE IN THE FORM OF [CAD] RECORDS ALTHOUGH THEY WERE AVAILABLE TO HIM UPON REQUEST AND SUPPORTED THE DEFENSE THAT [OFFICER] GONZALEZ'S STORY OF []ATTEMPTED MURDER[] WAS NOT TRUE.

E. TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO IMPEACH THE CHARACTER OF OFFICER FRUCCI BY USING THE RECORD OF MULTIPLE EXCESSIVE FORCE CLAIMS LODGED AGAINST HIM, TO DEMONSTRATE THAT FRUCCI HAS A PENCHANT FOR COMBAT AND A REASON FOR BIAS IN PROTECTING HIMSELF AGAINST FURTHER CIVIL ACTIONS AND DISCIPLINARY REPERCUSSIONS. DEFENDANT WAS DENIED A COMPLETE DEFENSE BASED ON COUNSEL'S FAILURE TO PRESENT ANY EVIDENCE TO CHALLENGE THE COUNTS OF THE INDICTMENT ALLEGING ASSAULT ON FRUCCI.

F. THE STATE COMMITTED DISCOVERY AND [BRADY] VIOLATIONS WHEN IT FAILED TO DISCLOSE TO DEFENSE COMPUTERIZED DISPATCH RECORDS (CAD) AND INFORMATION THAT [OFFICER] MARTIN WAS A MATERIAL WITNESS WHO MADE STATEMENTS OVER THE

12

POLICE DISPATCHER EXCULPATORY TO THE DEFENSE AND CONTRADICTING [OFFICER] GONZALEZ'S CLAIM OF []ATTEMPTED MURDER[].

G. DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE OF THE CUMULATIVE ERRORS THAT OCCURRED DURING TRIAL; BECAUSE . . . COUNSEL'S INEFFECTIVENESS RESULTED IN DEFENDANT BEING DENIED A COMPLETE DEFENSE AND THE STATE'S CUMULATIVE DESTRUCTION OF EVIDENCE AND [BRADY] VIOLATIONS RESULTED IN A TRIAL THAT WAS FUNDAMENTALLY UNFAIR.

We conclude that defendant's appeal lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons given by Judge Fox and add the following brief remarks.

Claims of ineffective assistance of counsel are considered under the two-part test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test requires a defendant to show that the performance of his attorney was deficient, and that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. We are satisfied from our review of the record that defendant failed to demonstrate the ineffectiveness of his trial counsel under the Strickland-Fritz test.

13

To meet the first part of the Strickland test, a defendant must establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The defendant must rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Defendant failed to do so here.

To satisfy the second part of the Strickland test, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The second prong of the Strickland test also requires a defendant to show that counsel's alleged deficiency caused prejudice. Fritz, 105 N.J. at 52.

We are convinced the PCR judge correctly determined that the record failed to present a prima facie case of ineffective assistance of counsel. We further reject defendant's contention that an evidentiary hearing was required as defendant failed to demonstrate a "reasonable likelihood of succeeding" on his ineffective assistance claim. State v. Preciose, 129 N.J. 451, 463 (1992). Because defendant failed to make out a prima facie case of ineffective assistance

of counsel, the judge properly adjudicated the petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5063-17T1